UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROHR, INC., | CASE NO. 11cv617-GPC (WVG) |
|---|---|
| Plaintiff, | **AMENDED ORDER GRANTING DEFENDANT UPS-SUPPLY CHAIN SOLUTIONS, INC.'S MOTION FOR ORDER CONFIRMING GOOD FAITH SETTLEMENT WITH PLAINTIFF** |
| vs. | |
| UPS-SUPPLY CHAIN SOLUTIONS, INC., et al., | |
| Defendants. | [Doc. No. 92.] |

Before the Court is Defendant UPS-Supply Chain Solutions, Inc.'s ("UPS-SCS") motion for order confirming good faith settlement with Plaintiff Rohr. Defendant Knight Transportation, Inc. ("Knight") filed an opposition. (Dkt. No. 99.) UPS-SCS filed a reply. (Dkt. No. 100.) Based on the applicable law, and the briefs, the Court GRANTS Defendant UPS-SCS's motion for order confirming good faith settlement with Plaintiff.

**Discussion**

This action arises out of two international shipments of cargo between Italy and Southern California. In both instances, after arriving at port unharmed, the cargo sustained damage while en route to a final inland destination. Defendants UPS-SCS,

Knight, and Cal Modal Freight Systems, Inc. ("Cal Modal")[1] were involved in transporting the goods.

On April 8, 2013, the Court issued an order granting in part and denying in part Defendant UPS-SCS's motion for partial summary judgment; denying Plaintiff's motion for partial summary judgment; and denying Defendant Knight's renewed motion for partial summary judgment. (Dkt. No. 84.) Specifically, the Court denied Plaintiff's motion for summary judgment as to UPS-SCS's liability under the Carmack Amendment to the Interstate Commerce Act ("Carmack") since there is genuine issue of material fact as to whether UPS-SCS acted as a motor carrier, freight forwarder or broker. (Id. at 23.) The Court also denied Plaintiff's motion for summary judgment as to Knight's liability under the Carmack because there is an issue of fact as to whether the Carmack or the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq*. ("COGSA") applied to Defendant Knight. (Id. at 24.)

Settling Defendant UPS-SCS reached a settlement with Rohr whereby UPC-SCS agreed to pay $80,000 despite its asserted limited liability of $50.00 per shipment of $100.00. Since there were two shipments, they have allocated $26,667.00 to the first loss claim of Plaintiff and $53,333.00 to the second loss claim based on the potential maximum liability of UPS-SCS to Plaintiff for each shipment.

California Code of Civil Procedure section 877 provides that when a release or dismissal is "given in good faith" to "one or more of a number of tortfeasors claimed to be liable for the same tort," the release "shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." Cal. Civ. Proc. Code § 877. Section 877.6(a)(1) provides that "[a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors .

---

[1] Default was entered against Cal-Modal on September 13 and 14, 2011 on the Complaint and on the Cross Complaint filed by UPS-SCS. (Dkt. Nos. 29, 31.)

. . ." Cal. Civ. Proc. Code § 877.6(a)(1). A court may determine that a settlement was made in good faith on the basis of the affidavits and counteraffidavits. Id. § 877.6(b). When a settlement is determined by a court to have been made in good faith pursuant to section 877.6, the settlement "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Id. § 877.6(c).

"To determine whether a settlement has been made in good faith, California courts consider (1) 'a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability'; (2) 'the amount paid in settlement'; (3) 'the allocation of settlement proceeds among plaintiffs'; and (4) 'a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial.'" Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l, LLC, 632 F.3d 1056, 1064 (9th Cir. 2011) (quoting Tech–Bilt, Inc. v. Woodward–Clyde & Associates, 38 Cal. 3d 488, 499 (1985)). "Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants." Tech–Bilt, 38 Cal. 3d at 499. These factors are to be assessed "on the basis of the information available at the time of settlement." Id. at 499. The burden of proving that a settlement between the parties was not made in good faith is on the non-settling tortfeasor. See Cal. Civ. Pro. Code § 877.6(d). The party who asserts the lack of good faith should be permitted to show "that the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." Tech–Bilt, 38 Cal. 3d at 499–500.

"Federal courts sitting in diversity or hearing state law claims based on supplemental jurisdiction use this framework in evaluating a proposed settlement." Horner v. Paneltech Int'l, LLC, Civ. No. S-09-1564 KJM CMK, 2012 WL 33047, at *1 (E.D. Cal. Jan. 6, 2012) (citing Mason and Dixon Intermodal, 632 F.3d at 1060);

Federal Savings and Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990). In this case, the Court has supplemental jurisdiction on the state law claims.

Settling Defendant UPS-SCS seeks an order confirming settlement under California Code of Civil Procedure section 877.6 arguing that it is reasonable and made in good faith. Defendant Knight opposes arguing that federal maritime law, under COGSA and Carmack, preempts state procedural and substantive law. Defendant cites to cases concerning preemption of COGSA and Carmack; however, it does not address COGSA and Carmack in the application of the good faith settlement requirements of sections 877 and 877.6.

In Mason and Dixon Intermodal, the Ninth Circuit held that California's good faith settlement statute was not preempted by Carmack. The Court explained that "state settlement laws conflict with the Carmack Amendment only to the extent that those laws 'enlarge or limit the responsibility of the carrier' for damages to the shipper.'" Mason and Dixon Intermodal, 632 F.3d at 1062 (citing Mo., K & T, Ry. Co. of Tex. v. Harris, 234 U.S. 412, 420 (1914)). The Court stated that there is no evidence that the state settlement statute could increase a tortfeasor's liability in excess of the maximum damages prescribed by Carmack or limit the shipper's recovery to less than the actual value of the damages. Id. at 1062. The Court explained that "diverse state settlement laws in Carmack Amendment cases does not threaten the federal interest in a uniform national scheme that allows carriers to set their rates based on predictable liability for damages to goods in interstate carriage." Id. at 1063. In addition, a district court applied section 877.6 to a cause of action under COGSA. See RPC Indus. v. S.S. CGM Lorraine, No. C 86-5352 SC, 1988 WL 122102 (N.D. Cal. Apr. 1, 1988)

In this case, UPS-SCS and Knight are both joint tortfeasors as they are each liable to Rohr. Courts have applied section 877.6 to Carmack and COGSA cases. Defendant Knight does not address the Ninth Circuit opinion of Mason and Dixon Intermodal, where the Court held that California's good faith settlement law was not preempted and that these provisions could apply to bar a carrier's indemnity and

contribution claim against a broker.

Here, Defendant UPS-SCS will pay Plaintiff $80,000. While Plaintiff seeks $687,217 for both shipments, the declared cargo value for U.S. Customs entry was $70,070.00 per shipment. Defendant UPS-SCS asserts its liability is limited to $50.00 for each shipment or $100.00 for both pursuant to the Customs Brokerage Services Agreement. The Court concluded in its prior order on the parties' motions for summary judgment that a factual dispute exists as to whether UPS-SCS's liability is limited by the Customs Brokerage Services Agreement. The settlement amount is based on the potential maximum liability of UPS-SCS to Plaintiff for each shipment. After a review of the factors , the Court concludes that the terms of the settlement has been made in good faith. The settlement amount paid by UPS-SCS is reasonable in light of its defenses to Plaintiff's claim. Moreover, Defendant Knight has not shown, nor argued, that the settlement, itself, was not made in good faith. Accordingly, the Court GRANTS Defendant UPS-SCS's motion for order confirming good faith settlement.

## Conclusion

Based on the above, the Court GRANTS Defendant UPS-SCS's motion for order confirming good faith settlement pursuant to California Code of Civil Procedure section 877.6. The action is dismissed against Defendant UPS-SCS.

IT IS SO ORDERED.

DATED: October 18, 2013

HON. GONZALO P. CURIEL
United States District Judge